THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE ESTATE OF ISIS LUCERO ESQUIVEL, *et al.*, Plaintiffs, | § § § § | |
| v. | § | Civil Action No. 1:16-cv-00040 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, Defendant. | § § § § § | |

## ORDER ADTOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Magistrate Judge's Report and Recommendation" (hereafter the "R&R") (Docket No. 64), in the above-captioned case. The R&R recommended the following to the Court: "(i) instruct the jury that Brownsville Independent School District (hereafter "BISD") failed to take reasonable steps to preserve the video footage; (ii) instruct the jury that BISD's failure was not the result of bad faith, as there is no evidence that BISD intentionally failed to preserve the footage; (iii) instruct the jury that the loss of the footage may have prevented Plaintiffs from producing evidence of BISD's liability; (iv) allow the parties to present evidence concerning the lost footage to the jury, including any communications or evidence that might otherwise be protected by the attorney-client privilege;" and (v) that BISD be required to pay "an additional amount, to be determined by the Court upon the trial's completion, to compensate Plaintiffs for the expenses incurred as a result of the lost video footage, including the expenses Plaintiffs incurred in pursuing sanctions related to the lost footage." Docket No. 64 at 15. In response, Plaintiffs filed "Plaintiffs' Objections to Magistrate Judge's Report and Recommendation" (hereafter "Plaintiffs' Objections") (Docket No. 66).

### I. PLAINTIFFS' REQUEST FOR REIMBURSEMENT AND FEES

Federal courts have the authority to issue appropriate sanctions for certain misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017). "One permissible sanction is 'an assessment of attorney's fees,' instructing a party that has acted in bad-faith to reimburse legal fees and costs incurred by the other side." *Id.* A sanction is to be calibrated to "the damages

1

caused by the bad-faith acts on which [the sanction] is based." *Id.* If a court finds that a party's loss of information causes another party prejudice, the court may "order measures no greater than necessary to cure the prejudice[.]" Fed. R. Civ. P. 37(e)(1).

In the instant case, the parties agreed there is no evidence of "bad-faith" on the part of Defendant with regards to the lost footage. *See* Docket No. 45 at 13-14.[1] As such, the R&R found that an additional monetary award, should Plaintiffs prevail at trial, is an appropriate sanction under Rule 37(e)(1).

## II.  PLAINTIFFS' REQUEST TO EXCLUDE EVIDENCE

Curative measures that are permitted under Federal Rule of Civil Procedure (hereafter "FRCP") 37(e)(1) should not have the effect of measures that are permitted under FRCP 37(e)(2) — when a finding of bad-faith has not been made. Fed. R. Civ. P. 37(e), 2015 Amendment Advisory Committee Notes. As the parties agreed, there is no evidence of "bad-faith". Thus, the R&R recommended the Court decline Plaintiffs' request to exclude BISD's alleged central defense as a sanction in this case, as such a preclusion would be more than necessary. Docket No. 64 at 13.

The Court agrees with the R&R's conclusion that excluding BISD's alternative causation evidence would be "[a]n example of an inappropriate (e)(1) measure" as it would eliminate a central defense to Plaintiffs' claims. *See id*; *See* Docket No. 11 at 3.

## III.  CONCLUSION

For the foregoing reasons, the "Magistrate Judge's Report and Recommendation" (Docket No. 64) is **ADOPTED**. It is therefore ordered that "Plaintiffs' Objections to Magistrate Judge's Report and Recommendation" (Docket No. 66) are **OVERRULED**.

Signed on this 16th day of January, 2019.

Rolando Olvera
United States District Judge

---

[1] The curative measures listed under Fed. R. Civ. P. 37(e)(2) are not appropriate for this case as Plaintiff has failed to produce evidence of bad faith or intent.

2